IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DARÍO ROMÁN RIVERA, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, ET AL.,<br><br>Defendants. | CIVIL NO.: 11-2003 (DRD) |

**REPORT AND RECOMMENDATION**

**I.  PROCEDURAL BACKGROUND**

On October 9, 2011 Darío E. Román Rivera, Argella Siñera Puig, Robert R. Grossman, his wife Eileen Vincente and the conjugal partnership which they constitute, Taco Makers Lares, Inc., Richard Cortes Torres, his wife Eva Torres and the conjugal partnership which they constitute, Leslie V. Rivera Burgos in both her personal capacity and in representation of the conjugal partnership she constitutes with her husband, Javier Claudio Carrillo in both his personal capacity and in representation of the conjugal partnership he constitutes with his wife, Luis García Ramirez, Miguel Angel Grillet, and Mary J. Meneschwander (collectively "plaintiffs") filed a complaint against Puerto Rico Electric Power Authority ("PREPA") and its executives and governing board members: Otoniel Cruz Carrillo, Miguel A. Cordero, Jorge Rodríguez, Luis M. García Passalacqua, José Fernández Polo, Luís Abbott Van der Horst, Marimar Pérez Riera, Andrés Salas Soler, Nydia Verge Pérez, Jerome Garffer Croly, José Pérez Canabal, Eugenio Torres Oyola, Francisco J. De Echegaray Espada, and María A. Veras

Fernández, all in their personal and professional capacities (collectively "defendants").  Plaintiffs allege claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and for mail and wire fraud.  18 U.S.C. §§ 1961-62(d).  They seek certification of the following class: "All consumers of electricity sold by PREPA, both individuals and corporations, who were overcharged by PREPA, as described in [the] complaint, between the year 2007 and the present."  ECF No. 1, at 7.  Excluded from the class definition are "this Honorable Court, its fellow judges and employees and all suppliers to PREPA."  Id.

On September 25, 2012, the court dismissed plaintiffs' RICO claims under § 1962(a) and under § 1962(b) for conspiring to violate § 1962(c).  ECF No. 20.  Pursuant to the court's Opinion and Order, plaintiffs' cause of action against defendants pursuant to § 1962(d) of RICO for conspiring to violate §§ 1962(a) and 1962(b) remains viable.  Id.  On August 22, 2013, defendants filed a motion for summary judgment averring that plaintiffs' proposed class cannot be certified and their claims are barred by collateral estoppel or res judicata.  ECF No. 41.  On October 18, 2013 plaintiffs filed a motion to continue the class certification hearing scheduled for November 1, 2013.  ECF No. 54.  The court granted said motion to set aside the class certification hearing pending the adjudication of defendants' motion for summary judgment.  ECF No. 55.  Pending before the court is defendants' motion for summary judgment, plaintiffs' response in opposition, and defendants' reply.  ECF Nos. 41; 50; 53.

### III.    SUMMARY OF PROPOSED FACTS[1]

PREPA is a public corporation of the Commonwealth of Puerto Rico.  ECF No. 41-10, ¶ 10.  It currently is the sole provider of the services of transferring, distributing, and selling to the public electric power in Puerto Rico.  Id. ¶ 8.  PREPA charges different rates to different consumers of electric energy within several categories.  Id. ¶ 19.  There are at least six (6) categories of PREPA customers, including: (1) residential customers; (2) commercial establishments; (3) industrial customers; (4) street lights; (5) farmers; and (6) the public sector.

---

[1] The following facts are drawn from defendants' statement of proposed uncontested material facts ("SUMF"), which it submitted along with its motion for summary judgment.  ECF Nos. 41; 41-10.  Local Rule 56 "structures the presentation of proof at summary judgment."  Goya Foods, Inc. v. Orion Distributors, Inc., Civ. No. 10-1168 (BJM), 2012 WL 1069191, at *1 (D.P.R. Mar. 29, 2012).  It "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," CMI Capital Market Inv. v. González Toro, 520 F.3d 58, 63 (1st Cir. 2008), by requiring "a party opposing a motion for summary judgment to accept, deny, or qualify each entry in the movant's statement of material facts paragraph by paragraph and to support any denials, qualifications, or new assertions by particularized citations to the record."  Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 6–7 (1st Cir. 2007).

Plaintiffs did not submit an opposition to defendants' SUMF, explaining that "[a] cursory review of PREPA's summary judgment and its exhibits reveal that it did not [submit a statement of material facts in compliance with Local Rule 56(b)] . . . . [S]ince there is no statement of material facts not in controversy, plaintiffs cannot comply with Local Rule 56(c) and file an opposing statement of material facts."  ECF No. 50, at ¶ 7.  In its reply dated September 25, 2013, defendants noted that it did in fact submit a statement of proposed uncontested material facts, and included a citation to the docket entry containing said statement.  ECF No. 53, at 2.  Plaintiffs did not subsequently file a statement of opposing material facts or seek leave to file the same.  A review of the record reveals that defendants did submit a SUMF.  ECF No. 41-10.

In support of a large percentage of their proposed facts, defendants cite to a list of stipulations made in state court (See ECF No. 41-1, at 16-17).  ECF No. 41-10, ¶¶ 5; 11; 13; 14; 20; 21.  Stipulations are not the same as admissions under oath or statements under penalty of perjury, and often serve a specific, limited purpose, such as to "narrow the factual issues in a dispute" in a particular case.  Hunt v. Marchetti, 824 F.2d 916, 917-18 (11th Cir. 1987); but see Bankruptcy Estate of Lake Geneva Sugar Shack, Inc. v. General Star Indemnity Co., No. 91-C-0163, 2000 WL 1048789, at *3 (E.D. Wis. 2000) ("It would be inequitable to bar a party from making an argument based on a stipulation in another case that the party limited to the prior case.").  While such facts may have been stipulated to in state court, it is not evident that plaintiffs in the instant litigation have made the same stipulations.  See 22A Wright & Miller § 5194 (2d ed. 2013) ("Of course, a stipulation is effective only if it was entered into by the party . . . .").  Furthermore, even if the plaintiffs in this case had made the same stipulations as in state court, such stipulations still would not be admissible to support defendants' proposed facts if they were made only for purposes of the prior litigation.  Although Local Rule 56(e) dictates that facts contained in a SUMF that are supported by record citations shall be deemed admitted unless they are successfully controverted, it also states that the court may disregard any statement of fact not supported by material properly considered on summary judgment.  The stipulations made between the parties in state court do not meet this standard.  However, because the outcome of the analysis regarding defendants' motion for summary judgment will be unaffected by whether the facts in question are deemed admitted or are disregarded, this report includes the proposed facts above for the purpose of providing a general background to the issues at bar.

Id. ¶ 20-21. At the present, PREPA has an excess of 1.4 million residential, commercial, and industrial customers. Id. ¶ 5. PREPA charges its customers for all of the fuel that it uses to produce the total amount of energy that it generates. Id. ¶ 14. It includes adjustment charges for the purchase of fuel and purchase of energy in its energy bills. Id. ¶ 11. PREPA intends to continue charging its customers in the same manner in which it has done. Id. ¶ 13.

The state case that defendants contend precludes class certification in the instant litigation (the "state case")[2] contained allegations regarding overbilling due to PREPA's adjustment charges. Id. ¶ 4. The class in the state case was defined as follows: "all of the customers of [PREPA], the consumers of said electricity, which, since 1990, and up to the present, have been charged excessive and/or illegal charges as detailed in the different causes of action listed in the complaint." Id. ¶ 2. The state court case held that plaintiffs did not meet the criteria for adequate representation, typicality or commonality, as required for class certification. Id. ¶ 39. The class in the instant litigation is defined as: "All customers of electricity sold by PREPA, both individual and corporations, who were overcharged by PREPA, as described in [the] complaint, between the year 2007 and the present." Id. ¶ 1.

IV.     **LEGAL STANDARD**

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to

---

[2] Defendants assert that "the state [c]ourt case consisted of various cases which were consolidated: KDP2005-1591, KDP2004-1756, KPE2005-3048, KPE2005-3069, KAC2005-6088, KPE2005-3093, KAC2005-6228, [and] KDP2006-1735," but do not provide copies of the complaints in the individual or consolidated cases or a citation for the consolidated state case. ECF No. 41, at n.1.

judgment as a matter of law." Fed. R. Civ. P. 56(a). "'A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation.'" Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodríguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug., Inc., 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts" in the record "that demonstrate the existence of an authentic dispute." McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995). The plaintiff need not, however, "rely on *uncontradicted* evidence . . . . So long as the plaintiff's evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan, 904 F.2d at 115 (citations omitted). There is "no

room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). "The court need only consider the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

## V. ANALYSIS

Defendants argue that plaintiffs in the instant action "basically alleg[e] that PREPA overcharged them for power consumption." ECF No. 41, at 2. They assert that allegations regarding the same facts were previously made in state court, with the only difference between the cases being that the claims in the state case arose in tort, while the claims in the instant action arise under RICO. Id. Defendants point to the state courts' refusal to certify the proposed class in state court and the subsequent dismissal with prejudice of "most" of the individual cases. Id. They aver that the RICO claims could have and should have been brought in the state court action and plaintiffs are now precluded from bringing them "under basic preclusion principles" and thus the claims should be dismissed. Id. Defendants also request that the court deny the class certification sought by plaintiffs, because the underlying causes of action and the proposed class are purportedly the same as those which the state court held did not meet the requisite criteria of commonality, typicality and adequate class representation. Id. Accordingly, because "this putative class suffers from the same, incurable defect as the state [c]ourt case" defendants aver that "this [c]ourt will be unable to certify the present proposed class." Id. at 2-3.

Federal courts are required to give a state court judgment the same preclusive effect that the judgment would receive under the law of the state in which it was rendered. See R.G. Financial Corp. v. Vegara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006) (citing Migra v. Warren City Sch. Dist. Bd. Of Educ., 465 U.S. 75, 81 (1984)).  In Puerto Rico, the doctrines of collateral estoppel (i.e. issue preclusion) and res judicata (i.e claim preclusion) are contained within the Civil Code.  P.R. Laws Ann. tit. 31, § 3343.  According to Puerto Rico law, "[i]n order that the presumption of res adjudicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such."  Id.  The statute speaks of "res adjudicata," but encompasses both claim preclusion and issue preclusion, with slightly different requirements for each.  R.G. Financial Corp, 466 F.3d at 182 (citing Báez-Cruz v. Munic. of Comerio, 140 F.3d 24, 29 (1st Cir. 1998)).

### A.  Issue Preclusion

The Supreme Court of Puerto Rico has held that when an issue is "essential to the prior judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive in subsequent litigation among the parties."  Felix Davis v. Vieques Air Link, 892 F.2d 1122, 1124–25 (1st Cir.1990) (citing Pereira v. Hernández, 83 P.R.R. 156, 161 (1961)).  Collateral estoppel "forecloses relitigation in a subsequent action of a fact essential for rending a judgment in a prior action between the same parties, even when different causes of action are involved."  Texaco P.R., Inc. v. Medina, 834 F.2d 242, 245 (1st Cir. 1987).  Collateral estoppel under Puerto Rico also requires perfect identity of causes, things, and persons, as dictated by the preclusion statute.  See Sánchez-Nuñez v. Puerto Rico Elec. Power Authority, 509 F.Supp.2d

137, 147 (D.P.R. 2007) (citing Báez-Cruz v. Muncipality of Comerío, 140 F.3d 24, 29 (1st Cir. 1998)).

### 1.     Adjudication of Issue Essential to the Prior Judgment

In their argument that issue preclusion applies, defendants assert that "[t]he issue in this case, at its very heart and without all the federal trappings that [p]laintiffs have dressed it up in, is overbilling." ECF No. 41, at 11.  They state that the only difference between the matter before the state court and that of the case of caption is that here the issue is "cleverly disguised as a federal RICO claim."  Id.  Defendants devote the majority of the argumentation in their brief to comparing the underlying allegations in the instant case to the allegations made in the previous state court litigation, in support of the contention that the cases present the same issue.  Indeed, such comparisons would be quite relevant if the issues related to the allegations put forth in state court were actually litigated, as the allegations do share many commonalities and it is possible for matters adjudicated in state tort claims to have preclusive effect in federal court actions brought under RICO.  See e.g. Kaufman v. BDO Seidman, 984 F.2d 182, 185 (6th Cir. 1993) (finding issue preclusion applied to bar federal RICO action where "the wrongful conduct proved in the state case in all material respects [was] the same as the conduct plaintiffs allege[d]" in the RICO action and the applicable causation standard was essentially the same in both cases.).

Although defendants acknowledge that a requirement of issue preclusion is that the issue in question was actually litigated, they present no evidence that any of the substantive issues about which they attempt to draw comparisons were in fact litigated.  The four state court opinions to which defendants cite pertain exclusively to the matter of class certification.  ECF Nos. 41-1; 41-2; 41-3; 41-4.  Although the defendants primarily draw parallels between the

underlying allegations, they state "[a]s the court can see, the issue of class certification was indeed litigated." ECF No. 41, at 16.  They continue to argue that: "[I]t is evident that the certification issue was essential to the state court judgment—in fact, it was the only thing that mattered to [p]laintiffs, as once the certification issue was thrice denied, they were no longer interested in pursuing their claims and their cases were either not pursued or dismissed." ECF No. 41, at 17.  They make the assertion in their brief that most of the individual cases were dismissed with prejudice, but do not cite to any evidence to support it and also fail to include the contention in their statement of uncontested facts.

If the facts underlying regarding PREPA's alleged overbilling were not actually litigated in state court, collateral estoppel does not bar another court from hearing those issues in a future litigation.  The summary judgment record does not evince that any of the allegations underlying the substantive claims filed in state court were actually litigated, thus defendants have not demonstrated that litigation of those issues is barred under the doctrine of issue preclusion at this juncture.  See Esteves v. Ortíz Alvárez, 678 F. Supp. 963, 965 (D.P.R. 1988) (citing Schineider v. Colegio De Abogados De Puerto Rico, 670 F.Supp. 1098, 1104 (D.P.R. 1987) ("Parties may be collaterally estopped only from litigating issues actually litigated previously.").  The record does evince that the issue of whether a class could be certified was litigated in state court and it was essential to the ruling denying class certification. ECF Nos. 41-1; 41-2; 41-3.  Therefore, if the other requirements for collateral estoppel were satisfied such denial could be used to preclude relitigation of the class certification issue.

### 2.     Perfect Identity: Things and Causes

Because the matter of class certification was addressed in state court, the pertinent inquiry is whether the issue before the state court in denying class certification is the same as that which would be before a federal court in deciding whether to certify the class plaintiffs propose. This inquiry requires a comparison of the procedural requirements for class certification under Puerto Rico and federal law.  In Smith v. Bayer Corp., 131 S.Ct. 2368 (2011), the Supreme Court of the United States ruled on the question of whether a federal court's rejection of a proposed class based on the requirements of Federal Rule of Civil Procedure 23 ("Federal Rule 23") precluded a later adjudication of another named plaintiff's certification motion in state court under West Virginia's statute regarding class action certification.[3]  In determining whether the cases involved the same issue for preclusion purposes, "[i]f those two legal standards differ . . . then the federal court resolved an issue not before the state court." Id.  The U.S. Supreme Court stated: "If a State's procedural provision tracks the language of a Federal Rule, but a state court interprets that provision in a manner federal courts have not, then the state court is using a different standard and thus deciding a different issue." Id. at 2377 (citing 18 Wright & Miller § 4417, at 454 (stating that preclusion is "inappropriate" when "different legal standards . . . masquerad[e] behind similar legal labels")).  However, in cases in which "state courts have made

---

[3] The case was decided in the context of the "relitigation exception" of the Anti-Injunction Act ("AIA").  The U.S. Supreme Court recognized that the "exception is designed to implement 'well-recognized concepts' of claim and issue preclusion."  Smith, 131 S.Ct. at 2375 (citing Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 148 (1988)). The reasoning from Smith is persuasive in the case of caption, where defendants seek to invoke preclusion principles to bar the certification of a class with a prior judgment denying a class certification.  Courts have already begun to apply said reasoning in similar situations beyond the AIA context.  See e.g., Quicken Loans Inc. v. Alig, 737 F.3d 960 (4th Cir. 2013); Day v. Persels & Assocs., LLC, 729 F.3d 1309 (11th Cir. 2013); CMH Homes, Inc. v. Goodner, 729 F.3d 832 (8th Cir. 2013); Smentek v. Dart, 683 F.3d 373 (7th Cir. 2012); Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005 (9th Cir. 2012).

crystal clear that they follow the same approach as the federal court applie[s]," there is "no need to ignore that determination" and "the issues in the two cases would indeed be the same." Id.

Defendants briefly address the similarity between the state and federal class action provisions, noting that "[a] quick overview of the class action requirements for both federal and state class actions reveals identical requirements, even language." ECF No. 41, at 9. They state "that the state court used the same parameters that this Court will use in determining whether or not this particular class meets the parameters for class certification." ECF No. 41, at 9. Indeed, the language Puerto Rico Rule of Civil Procedure ("P.R. Rule 20") closely tracks that of Federal Rule 23. A review of the local case law available in the English language reveals, however, that there is at least one difference between the standards. Rivera Castillo v. Municipio de San Juan, CE-88-622, 1992 WL 755604 (P.R. June 9, 1992) ("Our Civil Procedure Rule 20 fully corresponds to Fed. R. Civ. P. 23, except for the notice to class members."). This difference notwithstanding, the Puerto Rico Supreme Court has made clear that "since the class action is not a civil concept, but has been copied from Fed. R. Civ. P. 23 . . . [it] will resort to the federal case law on this matter." Id.

Ultimately, it is not necessary to decide at this time whether certification of the proposed class in the state case under P.R. Rule 20 and certification of the proposed class in the instant litigation under Federal Rule 23 present the same issue based on the reasoning in Smith. Nor is it necessary to decide whether an affirmative answer to the first inquiry would translate to a finding under local law that the cases involve perfect identity of causes and things. Even assuming, *arguendo*, that the issues were truly identical, defendants' assertion of issue preclusion fails under the final consideration in the analysis.

### 3. Perfect Identity: Parties

In their memorandum in support of summary judgment, defendants appear to overlook that under Puerto Rico law "perfect identity" of the parties is a requirement for issue preclusion, which derives from P.R. Laws Ann. tit. 31, § 3343. "The purpose of the perfect identity requirement is to guarantee that the rights and obligations of a particular litigant will not be foreclosed without that litigant's knowledge or opportunity to participate." R.G. Financial Corp., 446 F.3d at 185 (citing Fultura Dev. Corp. v. Centex Corp., 761 F.2d 33, 43 (1st Cir. 1985)). Although Puerto Rico's preclusion statute calls for the "most perfect identity of persons" between the first and second case, the First Circuit has noted that the Puerto Rico courts do not read the requirement literally, and have adopted a pragmatic reading that includes parties and their privies. See Milan v. Centennial Communications Corp., 500 F.Supp.2d 6, 13 (D.P.R. 2007) (citing Partido Independista Puertorriqueño, Demandante Y Apelante v. Comisión Estatal De Elecciones Y Otros, 120 D.P.R. 580, 605, 20 P.R, Offic. Trans. 607, 632, 1988 WL 580845 (1988)). The case law establishes "the general rule that where one party acts for or stands in the place of another in relation to a particular subject matter, those parties are in privity for the purposes of the Puerto Rico preclusion statute." R.G. Financial Corp, 466 F.3d at 178 (citations omitted). The preclusion statute itself also contains a privity requirement, which states: "[T]here is identity of persons whenever the litigants of the suit are legal representatives of those who litigated in the preceding suit, or when they are jointly bound with them or by the relations established by the indivisibility of presentations among those having a right to demand them, or the obligation to satisfy the same." P.R. Laws Ann. tit. 31, § 3343; see also Báez-Cruz v. Muncipality of Comerío, 140 F.3d 24, 29 (1st Cir. 1998) ("We have read this provision as

permitting issue preclusion to operate against a plaintiff who adds defendants in the second action.").

The ruling of the Supreme Court of the United States in Smith also sheds light on whether the denial of a class action certification is the binding on unnamed members of a proposed class, based on "established principles of preclusion." Smith, 131 S.Ct at 2381. The U.S. Supreme Court began by noting that "an unnamed member of a *certified* class may be 'considered a 'party' for the [particular] purpose[e] of appealing'" an adverse judgment." Id. at 2379 (citing Devlin v. Scardelletti, 537 U.S. 1, 7 (2002)) (emphasis in original). However, in cases in which class certification is denied, the U.S. Supreme Court stated that "[t]he definition of the term 'party' can on no account be stretched so far as to cover a person . . . whom the plaintiff in a lawsuit was denied leave to represent." Id. While a prior adjudication in a properly conducted class action can have preclusive effect on class members in subsequent litigation, in the case of caption, as in Smith, the very ruling that defendants argue should be given preclusive effect is a decision that the proposed class could not be properly certified. Thus, "[i]f we know one thing about [the state] suit, we know that it was *not* a class action." Id. at 2380 (emphasis in original). Given that context, the U.S. Supreme Court held that the precondition for binding unnamed parties in future litigation was not met. Id. ("Neither a proposed class action nor a rejection class action may bind nonparties.").

Defendants do not argue that any of the named plaintiffs in the state case and in this litigation are the same, nor do they provide a list of the named plaintiffs in the state court case in the proposed statement of uncontested facts or elsewhere. Defendants chose not to submit copies of the original complaints from the state court cases that were later consolidated into a single

case, stating "[i]n the interest of brevity, [d]efendant[s] ha[ve] filed as [their] Exhibits the documents dealing with the issue of the class certification, which are the law of the case and contain a summary of the state court cases, instead of all the [c]omplaints and documents filed in the State Court." ECF No. 41, at n.2. The class certification opinion contains a list of the following named plaintiffs: Carlos Pérez-Kolb, Eva Mayesa, Emilio Orria, María Ondina, Orlando Cardona, Guiseppe Pandolifi De Rinaldis, Osvaldo Quiñones-Negrón, Carlos Cruz, Ailene Pabón de González, Dr. Rolance Chavier-Roper, and Antonio Ortega-Ortega[4]. ECF No. 41-1, at 1-2. A comparison of this list with the named plaintiffs in the case of caption[5] does not reveal *any* overlap among those individuals and the plaintiffs which the record evinces were named in the proposed class action in state court.

Because defendants have not shown that any of the plaintiffs in this litigation are the same as those in the consolidated state case in which class certification was denied, in order for the perfect identity requirement to be satisfied defendants would need to demonstrate that plaintiffs were in privity with the state court plaintiffs. Not only have defendants not actually argued as such, but the holding of Smith provides strong support for the proposition that they were not in privity; it suggests that a named plaintiff never represents the interests of the unnamed plaintiffs in a proposed class that is denied certification. See Santiago-Ramos v. AEE,

---

[4] It is unclear whether this is a full or partial list of the named plaintiffs in the consolidated case. It is possible that this does constitute a complete list of the officially named plaintiffs in the consolidated case, however, it lists "et al." after the names of many of the named plaintiffs in the original suits that were consolidated. See ECF No. 41-1, at 1-2. The expert report that defendants have submitted, which recommends denial of class certification in the state case, contains the same list of named plaintiffs, without any indication that additional named plaintiffs existed in the consolidated case. See ECF No. 41-6, at 4.

[5] The named plaintiffs in the case of caption include: Darío E. Román Rivera, Argella Siñera Puig, Robert R. Grossman, his wife Eileen Vincente and the conjugal partnership which they constitute, Taco Makers Lares, Inc., Richard Cortes Torres, his wife Eva Torres and the conjugal partnership which they constitute, Leslie V. Rivera Burgos in her personal capacity and in representation of the conjugal partnership she constitutes with her husband, Javier Claudio Carrillo in his personal capacity and in representation of the conjugal partnership he constitutes with his wife, Luis García Ramirez, Miguel Angel Grillet, and Mary J. Meneschwander. ECF No. 1.

Civ. No. 11-1987, at n. 2 (D.P.R. January 23, 2014) (report and recommendation adopted) ("[W]e see Smith as destroying any notion that there might be privity between plaintiffs named in the state-court case and those unnamed there."). Defendants do not specifically identify any relationship between the named plaintiffs in this case and those in state case from which a finding that they were in privity could be made. In fact, although under the reasoning of Smith it would not be enough to establish privity, defendants fail to argue that the plaintiffs in the instant litigation were even *unnamed* plaintiffs in the state court case. As defendants concede, the proposed classes do have differences, not only in their descriptions of who is included, but in the timing of when said individuals were PREPA customers, as well. ECF No. 41-10, ¶¶ 1-2. Overall, defendants have not shown that there is perfect identity between the plaintiffs in the state court case and in the present litigation, either in that the parties were the same or that they were in privity with each other.

Lastly, defendants raise a policy argument in favor of applying preclusion to the class certification matter in this case, stating:

> Not only is this forum shopping of the worst kind and should not be permitted by this Court, but it opens up the door to multiple certification efforts. Plaintiffs could conceivably keep filing cases in different courts, continuing the never ending line of cases alleging damages for overbilling, when in fact, [p]laintiffs have already been told three times that their class cannot be certified precisely because of conflicts between class members.

ECF No. 41, at 18. The defendant in Smith also addressed this same policy concern. The Court acknowledged that relitigation may occur under its holding, but nonetheless concluded "[w]e have not thought that the right approach (except in the discrete categories of cases we have recognized) lies in binding nonparties to a judgment." Smith, 131 S.Ct at 2381.

Acknowledging defendants' concern, preclusion law attempts to strike a balance between mitigating the costs of similar litigation and allowing plaintiffs an opportunity to have their claims be heard. Based on the information defendants have presented, under the perfect identity requirement of local preclusion law the balance between defendants' and plaintiffs' interests tips in favor of those of plaintiffs in this case. To summarize, defendants provide no evidence that any of the plaintiffs named in the state litigation are named in the instant action, and fail to even establish that the plaintiffs in this suit were among the unnamed members of the class that the state court found could not be certified. Since they have not met their burden of demonstrating that the plaintiffs were the same parties as those in the state court or were in privity with those individuals, their motion for summary judgment on the basis of issue preclusion should be denied at this juncture.

**B. Claim Preclusion**

Under Puerto Rico law, a party asserting claim preclusion must establish: "(i) the existence of a prior judgment on the merits that is "final and unappealable"; (ii) a perfect identity of thing or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted." Id. (citing Boateng v. InterAm. Univ., Inc., 210 F.3d 56, 61-62 (1st Cir. 2000)). Defendants again focus their arguments on the similarities between the allegations made in state court and those related to the RICO allegations in the instant litigation. ECF No. 41, at 20. However, problems with defendants' arguments regarding the first and third prongs of the standard for claim preclusion bar a finding that claim preclusion applies in this case.

### 1.     Prior Final Judgment on the Merits

A judgment becomes final when no further appeal can be taken. See Cruz v. Melecio, 204 F.3d 14, 20 (1st Cir. 2000). Defendants argue that the state court's denial of class certification constituted a valid and binding final judgment, because said denial was appealed to the Court of Appeals and again to the Supreme Court of Puerto Rico. ECF No. 41. Plaintiffs also concede that "[t]here was a valid and final judgment in state court." ECF No. 50, at 4. Taking the validity and finality of the state court judgment as a given, defendants have not established that the denial of class certification was a decision *on the merits* of the state court claims. Although courts may make a preliminary inquiry into the merits of a suit in order to determine whether it can be maintained as a class action, the decision regarding whether to certify a class does not constitute a decision on the merits of the claims in a case. See Kent v. Sun America Life Ins. Co., 190 F.R.D. 271, 277-78 (D.Mass. 2000) (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974)) (noting "the [U.S.] Supreme Court has stated that a court should not decide the merits of a case at the class certification stage.").

Defendants do not point to any evidence in the record that suggests the merits of the underlying claims regarding PREPA's alleged overbilling were adjudicated in state court, and make no argument that a final judgment was reached as to those claims. The Court of First Instance, San Juan Division concluded: "[p]laintiffs shall handle their claim[s] as an ordinary case, and thereby may request individual remedies which they believe they are entitled to." ECF No. 41-3. Defendants make the conclusory statement in their brief that most of the individual cases were denied with prejudice, but do not cite to any evidence in support of the assertion and fail to include the contention in their statement of uncontested facts. Irrespective of the

similarity between the claims alleged in state court and the allegations made in the instant case, a final judgment of the merits of the state claims would be necessary for the defendants to invoke claim preclusion here. Because defendants have not shown that a final judgment was reached on the merits of any of the state court claims, summary judgment is not warranted under the doctrine of claim preclusion at this time.

### 2.    Perfect Identity: Parties

Assuming, *arguendo*, that a final and unappealable judgment on the merits exists, claim preclusion nonetheless does not bar plaintiffs' substantive claims or the class certification matter. The perfect identity requirement of P.R. Laws Ann. tit. 31, § 3343 is also applicable to claim preclusion under Puerto Rico law. Thus, defendants' failure to demonstrate identity between the named plaintiffs in state court and those involved in the case of caption—previously discussed in this report—applies with equal force to defendants' claim preclusion argument and is incorporated by reference into this section of the analysis. In their argument in favor of claim preclusion, defendants do attempt to compare the individuals in the state case to those in the instant litigation. Rather than comparing the named plaintiffs, however, they confine their comparisons to the proposed classes in both cases, arguing that both classes are in essence composed of "all PREPA customers."[6] ECF No. 41, at 21. However, the class proposed in state court was never certified and, as previously discussed, "the mere proposal of a class . . . [does] not bind persons who were not parties there." Smith, 131 S.Ct at 2382. For these reasons, defendants' motion for summary judgment should be denied on this ground, as well.

---

[6] Defendants also concede that "some putative class members may vary." ECF No. 41, at 21. While this weakens their comparison, the more relevant comparison for preclusion purposes is nonetheless between the named plaintiffs in the first action and those in the instant case.

I. **CONCLUSION**

Defendants move for summary judgment, asking the court to deny the proposed class certification and to dismiss the case. Defendants argue that preclusion law bars litigation of the class certification matter in this case and plaintiffs' underlying RICO claims. They rely on the state court's denial of class certification of a class primarily composed of all PREPA customers and compare the allegations and proposed classes in state court and those in this case.

Although it is evident that similarities in the allegations and proposed classes do exist, defendants have not satisfied their burden as the movants for summary judgment. They have not presented evidence that the state court claims related to PREPA's alleged overbilling were actually litigated in state court or that a final judgment on the merits was issued in the consolidated case or in any of the individual cases. Furthermore, the doctrines of both claim preclusion and issue preclusion under Puerto Rico law require that the parties are either the same in the first action, or that the parties in the second action were in privity with those in the first. The summary judgment record does not evince that any named plaintiffs were the same in both cases, or even that the named plaintiffs in this case were encompassed within the definition of the proposed class in the state case[7]. Overall they have not provided a basis to support a conclusion that the perfect identity of persons requirement is satisfied. While it is possible that some of the allegations made in state court were actually litigated, that a final judgment was reached on the merits in some of the individual cases, and / or that some of the named plaintiffs

---

[7] As defendants acknowledge, the proposed classes are not exactly the same in this case and in the case in state court, and it is not clear from the record whether the named plaintiffs in the instant action fell within the proposed class definition in state court. For example, the class definition in the state case included the timeframe of 1990 up to "the present". If any of the individuals became PREPA customers subsequent to the state case, they presumably would not have been subsumed within the definition of its proposed class.

in this case were parties in the state court case, defendants have not made the requisite showings, by documentary evidence or otherwise, to establish as such. Therefore, defendants cannot prevail on their motion for summary judgment at this time.

For the foregoing reasons, it is hereby recommended that defendants' motion for summary judgment be **DENIED**.[8] Pursuant to the presiding district judge's order of referral, the parties have five (5) business days to file any objections to this report and recommendation. See ECF No. 46. Failure to file same within the specified time waives the right to appeal this report and recommendation. FED. R. CIV. P. 72(b)(2); FED. R. CIV. P. 6(c)(1)(B); D.P.R. CIV. R. 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150–51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED

In San Juan, Puerto Rico, this 7th day of February, 2014.

s/Marcos E. López
U.S. Magistrate Judge

---

[8] Nothing in this report should be deemed or construed as an opinion on whether plaintiffs' proposed class should be certified in the case pending before this court.