IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DARIO ROMAN RIVERA, ET AL.,

Plaintiffs,

v.

PUERTO RICO ELECTRIC POWER
AUTHORITY, ET AL.,

Defendants

Civil No.: 11-2003(DRD)

## OPINION AND ORDER

On October 9, 2011, Plaintiffs filed a complaint against the Puerto Rico Electric Power Authority ("PREPA") and its executives and governing board members (collectively, "Defendants") alleging violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-62(d), and for mail and wire fraud, 18 U.S.C. §§ 1341 and 1343. Therein, Plaintiffs seek certification of the following class: "All consumers of electricity sold by PREPA, both individuals and corporations, who were overcharged by PREPA, as described in [the] complaint, between the year 2007 and the present."

Pending before the Court is PREPA's *Motion for Summary Judgment* (Docket No. 41) and Plaintiffs' *Opposition to Defendant's Motion for Summary Judgment* (Docket No. 50). The Court referred the instant motion to Magistrate Judge Marcos E.

1

López on July 29, 2013 (Docket No. 46). The Magistrate Judge entered his *Report and Recommendation* on February 10, 2014 (Docket No. 63).

In his *Report and Recommendation*, the Magistrate Judge recommended that PREPA's *Motion for Summary Judgment* be denied. Specifically, the Magistrate found that PREPA was unable to demonstrate that the case at bar should be dismissed under the doctrines of claim preclusion and issue preclusion. The Magistrate concluded that PREPA failed to presented evidence that the prior state court claims were either actually litigated or that a final judgment on the merits was issued. Lastly, the Magistrate determined that the parties in the state cause of action were not identical to the ones in the instant matter, therefore barring dismissal of the instant case.

On March 7, 2014, PREPA filed its *Objection to Report and Recommendation* (Docket No. 67) averring that the Magistrate Judge had erred in concluding that claim and issue preclusion were inapplicable to the instant case.[1]   PREPA argues that

---

[1]   On February 19, 2014, PREPA filed a *Motion for Extension of Time* until February 28, 2014 to file its *Objections to the Report and Recommendation* (Docket No. 64).  The Court summarily denied said request, emphasizing that the instant motion was reportable in March 31, 2014 (Docket No. 65).  The Court stresses that both the *Order of Referral* (Docket No. 46) and the *Report and Recommendation* specifically stated that the parties had **five (5) business days** to file any objections to the Magistrate Judge's findings.  The Court further emphasizes that all parties were forewarned that "no extensions of time shall be authorized to the parties to file objections to the *Report and Recommendation* and that failure to submit the objections within the deadline provided shall be deemed by the Court as objections being waived."  Docket No. 46, Pg. 2.  However, in the interests of justice, the Court *sua sponte*

although the substantive state claims were not litigated in state court, the issue of class certification was, thereby warranting dismissal of the instant matter.

On March 11, 2014, Plaintiffs filed their *Opposition to Defendant's Objections to Report and Recommendation* (Docket No. 68) contending that the allegations in the instant complaint are factually different from those in the state court proceedings and that "due process precludes a non-certified class action from having preclusive effect on absent parties."  Docket No. 68, at 9.

## I. REFERRAL TO THE MAGISTRATE JUDGE

The Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  *See* FED. R. CIV. P. 72(b); *see also* Local Rule 72(a); Matthews v. Weber, 423 U.S. 261, 96 S.Ct. 549 (1976).  An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections. FED. R. CIV. P. 72(b).  Moreover, 28 U.S.C. §636(b)(1), in pertinent part, provides that

> any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the

reconsidered its decision on March 4, 2014 (Docket No. 66) and granted PREPA until March 8, 2014 at 5:00 PM to file its objections.  The Court further granted Plaintiffs until March 11, 2014 to file its opposition.

3

> report or specified proposed findings or
> recommendations to which objection is made.
> A judge of the court may accept, reject, or
> modify, in whole or in part, the findings or
> recommendations made by the magistrate.

"Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), *cert denied*, 474 U.S. 1021 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); *see* Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *see also* Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993)(stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Borden v. Sec. of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987)(holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").

The Court, in order to accept unopposed portions of the Magistrate Judge's Report and Recommendation, need only satisfy

itself that there is no "plain error" on the face of the record. *See* Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also* Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also* Nogueras-Cartagena v. United States, 172 F.Supp. 2d 296, 305 (D.P.R. 2001)(finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *see also* Garcia v. I.N.S., 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)(finding that "when no objections are filed, the district court need only review the record for plain error").

In the instant case, Defendant PREPA has filed objections to the Magistrate Judge's *Report and Recommendation* (Docket No. 67). Thus, the Court reviews the portions of the *Report and Recommendation* to which objections were made *de novo* and reviews all other unobjected-to portions only for plain error.

After a careful analysis, the Court finds no "plain error" in the unobjected-to Procedural Background and Summary of Proposed Facts sections of the Magistrate Judge's *Report and*

*Recommendation*.   Thus, rather than repeating the set of facts that pertain to the instant case in their entirety, the Court hereby **ACCEPTS, ADOPTS AND INCORPORATES** by reference the Magistrate Judge's findings of fact *in toto*, noting particularly that they remain unchallenged.[2]  The Court agrees with the Magistrate's determination that Plaintiffs' opposition fails to comply with Local Civil Rule 56 and therefore deems admitted all of the facts that were properly cited and set forth in PREPA's *Statement of Uncontested Material Facts* (Docket No. 41-10).[3]

## II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT MOTIONS

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 324-325

---

[2]  Although PREPA argues that the Magistrate overlooked several key facts when conducting his analysis (Docket No. 67, at 10), the Court ascertains that the Procedural Background and Summary of Proposed Facts sections remain unchallenged.

[3]  As the Magistrate correctly indicated, the parties were specifically admonished that failure to comply with Local Rule 56 would result in the Court deeming admitted the facts set forth in the movant party's statement (Docket No. 19, Pg. 4).  Local Civil Rule 56 requires that a party opposing a motion for summary judgment submit an opposing statement of material facts admitting, denying, or qualifying "the facts supporting the motion for summary judgment by reference to each numbered paragraph of the movant party's statement of material facts." Local Civ. R. 56(c).  Further, "unless a fact is admitted, the opposing statement shall support each denial ... by a record citation...." Id.  Therefore, facts supported by citations to the record shall be deemed admitted unless properly controverted.

(1986).   Pursuant to the clear language of the rule, the moving party bears a two-fold burden: it must show that there is "no genuine issue as to any material facts;" as well as that it is "entitled to judgment as a matter of law." Veda-Rodriguez v. Puerto Rico, 110 F.3d 174, 179 (1st Cir. 1997).  A fact is "material" where it has the potential to change the outcome of the suit under governing law. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "genuine" where a reasonable jury could return a verdict for the nonmoving party based on the evidence.  Id.   Thus, it is well settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment.  Id.

After the moving party meets this burden, the onus shifts to the non-moving party to show that there still exists "a trial worthy issue as to some material facts." Cortes-Irizarry v. Corporacion Insular, 11 F.3d 184, 187 (1st Cir. 1997).

At the summary judgment stage, the trial court examines the record "in the light most flattering to the non-movant and indulges in all reasonable references in that party's favor. Only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 959-60 (1st Cir. 1997).  "Credibility determinations, the weighing of the evidence, and the drawing of

legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 150 (2000)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51, 106 S.Ct. 2505 (1986)).  Summary judgment is inappropriate where there are issues of motive and intent as related to material facts.  *See* Poller v. Columbia Broad. Sys., 369 U.S. 470, 473, 82 S.Ct. 486 (1962)(summary judgment is to be issued "sparingly" in litigation "where motive and intent play leading roles"); *see also* Pullman-Standard v. Swint, 456 U.S. 273, 288, 102 S.Ct. 1781 (1982)("findings as to design, motive and intent with which men act [are] peculiarly factual issues for the trier of fact."); *see also* Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 433 (1st Cir. 2000)(finding that "determinations of motive and intent . . . are questions better suited for the jury").  "As we have said many times, summary judgment is not a substitute for the trial of disputed factual issues." Rodríguez v. Municipality of San Juan, 659 F.3d 168, 178-179 (1st Cir. 2011)(internal quotations and citations omitted).  Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." Ayala-Gerena v. Bristol Myers-Squibb Co., 85 F.3d 86, 95 (1st Cir. 1996).  However, while the Court "draw[s] all reasonable inferences in the light most favorable to [the non-moving party]

. . . we will not draw *unreasonable* inferences or credit bald assertions, empty conclusions or rank conjecture." Vera v. McHugh, 622 F.3d 17, 26 (1st Cir. 2010)(internal quotations and citation omitted).  Moreover, "we afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative."  Tropigas De P.R. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011)(internal citations omitted).

Further, the Court will not consider hearsay statements or allegations presented by parties that do not properly provide specific reference to the record. *See* D.P.R. CIV. R. 56(e)("The [C]ourt may disregard any statement of fact not supported by a specific citation to the record material properly considered on summary judgment.  The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced."); *see also* Morales, 246 F.3d at 33 (finding that, where a party fails to buttress factual issues with proper record citations, judgment against that party may be appropriate); Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.").[4]

---

[4] D.P.R. CIV. R. 56(b), often referred to as the anti-ferret rule, requires the party moving for summary judgment to submit a "separate, short, and concise statement of material facts, set forth in numbered paragraphs, a s to which

If a defendant fails to file an opposition to the motion for summary judgment, the district court may consider the motion as unopposed and disregard any subsequently filed opposition. Velez v. Awning Windows, Inc., 375 F.3d 35, 41 (1st Cir. 2004). Furthermore, the district court must take as true any uncontested statements of fact. Id. at 41-42; *see* D.P.R.R. 311.12; *see* Morales, 246 F.3d at 33 ("This case is a lesson in summary judgment practice …. [P]arties ignore [Rule 311.12] at their own peril, and … failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted.")(internal citations and quotations omitted); *see also* Euromodas, Inc. v. Zanella , Ltd., 368 F.3d 11, 14-15 (1st Cir. 2004). However, this does not mean that summary judgment will be automatically entered on behalf of the moving party, as the court "still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." *See* Velez, 375 F.3d at 42.

---

the moving party contends there is no genuine issue of material fact." Similarly, the non-moving party is required to submit a counter-statement "admit[ing], deny[ing] or qualify[ing] the facts by reference to each numbered paragraph in the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by record citation."  D.P.R. CIV. R. 56(c).

### III. LEGAL ANALYSIS

The Court agrees with the Magistrate Judge that the doctrines of issue preclusion and claim preclusion do not apply to Plaintiffs' causes of action in the instant case. Defendants aver that collateral estoppel, i.e. issue preclusion, bars the re-litigation of a fact essential to the judgment entered in a prior lawsuit amongst the parties and that res judicata, i.e. claim preclusion, prohibits Plaintiffs from litigating claims they should have litigated in an earlier proceeding. Conversely, Plaintiffs argue, *inter alias*, that neither claim nor issue preclusion apply, as both the parties and the issues litigated in state court were different from the ones currently before the Court.

The doctrines of claim preclusion and issue preclusion are sometimes incorrectly conflated into the single doctrine of "res judicata." While both claim preclusion and issue preclusion determine the preclusive effect of a judgment, they are two separate concepts and doctrines. Under the doctrine of claim preclusion, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892 (2008)(quoting <u>New Hampshire v. Maine</u>, 532 U.S. 742, 748 (2001))(internal quotations omitted). Conversely, issue preclusion "bars the successive litigation of

11

an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Id. (quoting New Hampshire, 532 U.S. at 748-749)(internal quotations omitted).

Both claim preclusion and issue preclusion operate as a bar to the litigation or re-litigation of claims or issues that were or could have been adjudicated in a prior judicial action for which a final judgment on the merits has been rendered. Nuñez-Colon v. Toledo-Davila, 648 F.3d 15 (1st Cir. 2011); Suarez-Cestero v. Pagan Rosa, 198 F.Supp.2d 73, 84 (D.P.R. 2002); Baez-Cruz v. Municipality of Comerio, 140 F.3d 24 (1st Cir. 1995); Apparel Art International, Inc. v. Amertex Enterprises Ltd., 48 F.3d 576 (1st Cir. 1995); see also Parklane Hoistery Co., Inc. v. Shore, 439 U.S. 322, 326 n.5 (1979). The First Circuit has further indicated that claim preclusion and issue preclusion operate "as an absolute bar to the re-litigation of the same cause of action between the parties (or their privies) and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all the matters which might have been determined as well." Westcott Const. v. Firemen's Fund of New Jersey, 996 F.2d 14, 16 (1st Cir. 1993)(quoting Griffin v. State of R.I., 760 F.2d 359, 360 (1st Cir. 1991)).

Both doctrines seek to conserve judicial resources by "prevent[ing] plaintiffs from splitting their claims" and instead "provide a strong incentive for them to plead all factually related allegations and attendant legal theories for recovery the first time they bring suit." Apparel Art Int'l, 48 F.3d at 583; see Taylor, 553 U.S. at 892 ("By precluding parties from contesting matters that they had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions.")(quoting Montana v. United States, 440 U.S. 147, 153-154 (1979))(internal quotations omitted).

We briefly analyze each of PREPA's arguments in turn, noting that "where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." In re San Juan Dupont Plaza Hotel Fire Litig., 989 F. 2d 36, 38 (1st Cir. 1993); see Vega-Morales v. Commissioner of Social Security, 380 F. Supp. 2d 54, 60 (D.P.R. 2005) (quoting Lawton v. State Mut. Life Assu. Co. of Am., 101 F. 3d 218, 220 (1st Cir. 1996)) ("The Court need not go further for it refuses to write 'at length to no other end than to hear its own words resonate.'").

## A.  Collateral Estoppel

For claim preclusion to apply, the movant has the burden of proving that: (1) the earlier suit resulted in a final judgment on the merits; (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related; and (3) the parties in the two suits are sufficiently identical or closely related. *See* P.R. Laws Ann., tit. 31, § 3343; Baez-Cruz v. Municipality of Comerio, 140 F.3d 24, 29 (1st Cir. 1998)("Although the statute speaks of res judicata, i.e., claim preclusion, it also permits issue preclusion, or collateral estoppel by judgment.")(internal citations and quotations omitted).

### i.  <u>Finality of the Earlier Suit</u>

For "finality" purposes, a final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-374 (1981)(citations omitted); *see* Acevedo-Villalobos v. Hernández, 22 F.3d 384, 388 (1st Cir. 1994). "Ordinarily, a dismissal for failure to state a claim is treated as a dismissal on the merits, and there is abundant case law to this effect." AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005)(citations omitted).

In his *Report and Recommendation*, the Magistrate Judge emphasized that PREPA failed to present a scintilla of evidence

showing that the underlying claims filed in state court were in fact fully litigated.  The Magistrate noted that all of the state court opinions produced by PREPA pertain to the issue of class certification, stressing that none of the opinions on the record demonstrate that the underlying issue, whether PREPA overbilled its clients, was fully litigated in the state forum. In fact, in its objection, PREPA concedes that "Plaintiffs' claims were not litigated in the state courts."  Docket No. 67, at 10.

Claim preclusion mandates that a final judgment on the merits be entered for collateral estoppel to apply, meaning that the overbilling claims before the state courts must have been fully adjudicated.  In failing to certify the proposed class, the state courts made a procedural decision, not a substantive one.  Hence, as the underlying overbilling claims were never litigated on the merits, PREPA is unable to satisfy the first prong of the claim preclusion test.

### ii.   Identity Between the Causes of Action

The determine whether the two causes of actions were sufficiently identical or related, courts look to the identity of "things" and "causes" being litigated.  *See* P.R. Laws Ann. tit. 31, § 3343. Under Puerto Rico law, "the test for identity of 'things' is whether a decision in the second action may contradict the prior adjudication."  Boateng v. InterAmerican

University, Inc., 210 F.3d 56, 61 (1st Cir. 1994)(citing Lausell
Marxuach v. Díaz de Yáñez, 3 P.R. Offic. Trans. 742, 745
(1975)).  Further, the test for identity of "causes" refers to
"the main ground or origin of the action."  Id.

In the case at bar, PREPA argues that Plaintiffs' causes of
action are almost identical to the causes of action set forth
against PREPA in the state court proceedings.  The Court, after
conducting a thorough review of the record, remains unconvinced
that the state and federal proceedings are sufficiently
identical or related as to warrant the invocation of the
collateral estoppel defense.

At the outset, the Court notes that the state proceedings
relate to PREPA's overbilling of its customers before 2007,
whereas the current matter pertains to acts undertaken by PREPA
from 2007 forward.  Further, Plaintiffs posit a myriad of
different reasons, when compared to those set forth in the state
court proceedings, to support their overcharging allegations.
Additionally, the state court complaint raises an issue of
Puerto Rico's contractual law whereas the instant matter
concerns a RICO violation.

From the evidence on the record, the Court simply cannot
find that a decision in the case at bar will, or even may,
contradict a prior adjudication.  Additionally, the Court holds
that the "causes" giving rise to the instant matter are neither

identical nor substantially related to the causes giving rise to the state court litigation. Hence, PREPA is unable to satisfy the second prong of the claim preclusion test.

### iii. __Identity of the Parties__

The application of claim preclusion to parties that did not have an opportunity to litigate and/or contest the earlier action raises important constitutional rights and due-process concerns. *See* Gonzalez v. Banco Cent. Corp., 27 F.3d 751 (1st Cir. 1994). Therefore, the Court must inquire whether the final judgment was entered against the same parties or persons in privity with the parties of the second action.[5] Privity has been found to exist "where the party adequately represented the nonparties' interests in the prior proceeding." Robertson, 148 F.Supp.2d at 449.[6] The Court considers not only the identity of interests between the two parties, but also "whether the party's interests were fully represented in the earlier case, albeit by another." County of Boyd v. US Ecology, Inc., 48 F.3d 359, 361 (8th Cir. 1995)(citations omitted).

---

[5] "The term privity is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include the other within *res judicata*." Robertson v. Bartels, 148 F.Supp.2d 443, 449 (D.N.J. 2001)(quoting EEOC v. United States Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990))(internal quotations omitted)).

[6] This category of privity is also known as the doctrine of virtual representation, a concept that is common to both claim and issue preclusion doctrines. *See* Robertson, 148 F. Supp. 2d at 450, n.4.

The Court also considers "whether there is a close relationship between the prior and present parties . . .," as well as "the adequacy of the prior representation, where the adequacy is viewed in terms of incentive to litigate." Robertson, 148 F.Supp.2d at 450; see Gonzalez, 27 F.3d at 762. "One party 'adequately represents' the interests of another when the interests of the two parties are very closely aligned and the first party had a strong incentive to protect the interests of the second party." Tyus v. Schoemehl, 93 F.3d 449, 455-56 (8th Cir. 1996).

In Smith v. Bayer Corp., the U.S. Supreme Court concluded that in cases denying class certification "[t]he definition of the term 'party' can on no account be stretched so far as to cover a person ... whom the plaintiff in a lawsuit was denied leave to represent." Smith v. Bayer Corp., 131 S.Ct. 2368, 2379 (2011). The Smith Court proclaimed that "in the absence of a certification ... the precondition for binding [plaintiff] was not met. **Neither a proposed class action nor a rejected class action may bind nonparties.**" Id. at 2380; See Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1349 (2013)(holding that "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified.")(citing Smith, 131 S.Ct. at 2380). Hence, a potential member of a class that is never certified shall not be

bound by a prior decision unless said individual is in privity with the plaintiffs in the first proceeding.

As the Magistrate Judge correctly indicates, PREPA fails to argue or present evidence that any of the named plaintiffs in the state case are part of the instant matter.   Thus, PREPA would have to demonstrate that the current Plaintiffs are in privity with the state court plaintiffs.   In holding that the parties were not in privity with each other, the Magistrate explained that "the holding in Smith provides strong support for the proposition that they were not in privity; it suggests that a named plaintiff never represents the interests of the unnamed plaintiffs in a proposed class that is denied certification." *See* Docket No. 63, Pgs. 14-15 (citing Santiago-Ramos v. AEE, Civ. No. 11-1987, at n. 2 (D.P.R. January 23, 2014)("[W]e see Smith as destroying any notion that there might be privity between plaintiffs named in the state-court case and those unnamed there.")).   Absent more, the Court simply cannot ascertain that the plaintiffs in the state case are in privity with the Plaintiffs in the case at bar.

PREPA attempts to distinguish the holding in Smith by highlighting the factual difference between said case and the instant matter and by emphasizing that said case involved the application of the Anti-Injunction Act.   The Court finds PREPA's arguments to be wholly misguided, as the holding in Smith stands

for the proposition that all proposed class actions, regardless of the underlying substantive issue, may not bind nonparties absent certification.  *See* Standard Fire Ins. Co., 133 S.Ct. at 1349; Smentek v. Dart, 683 F.3d 373 (7th Cir. 2012); Thorogood v. Sears, Roebuck & Co., 678 F.3d 546 (7th Cir. 2012); Brown v. Am. Airlines, Inc., 285 F.R.D. 546, 552-53 (C.D. Cal. 2011); Phipps v. Wal-Mart Stores, Inc., 925 F. Supp. 2d 875 (M.D. Tenn. 2013) motion to certify appeal granted, 3:12-CV-1009, 2013 WL 2897961 (M.D. Tenn. June 13, 2013).

Accordingly, the Court holds that the collateral estoppel defense is not applicable to the RICO claims currently pending before this Court.  As such, PREPA's *Motion for Summary Judgment* (Docket No. 41) is hereby **DENIED** on these grounds.

### B. Res Judicata

Because the Court is tasked with deciding "the res judicata effect of a state court judgment in a federal court," Puerto Rico law governs our analysis.  Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000).  In order to determine whether *res judicata* precludes litigation of a party's claims, a three prong test must be satisfied.  The elements of this test are: 1) a final judgment on the merits in an earlier suit; 2) perfect identity between the causes of action asserted in the earlier and later suits; and 3) perfect identity between the parties in the two suits.  *See* 31 L.P.R.A. § 3343; Boateng, 210 F.3d at 61-62.

The term "perfect" has not been read literally by state courts in Puerto Rico, holding instead that in order to establish the perfect identity of the parties the movant must demonstrate that the parties in both the current and prior causes of action were the same or in privity with each other. *See* Boateng, 210 F.3d at 61-62; Milan v. Centennial Communications Corp., 500 F. Supp. 2d 6, 13 (D.P.R. 2007)(citing Partido Independentista Puertorriqueño v. Comision Estatal de Elecciones, 120 D.P.R. 580,605, 20 P.R., Offic. Trans. 607, 632, 1988 WL 580845 (1988)).

After careful consideration, the Court finds that Plaintiffs' claims are not barred under the doctrine of *res judicata*. We briefly explain.

With regards to the first prong, PREPA argues that the state court's denial of class certification constituted a final judgment on the merits. The Court agrees with the Magistrate Judge's findings that PREPA has failed to demonstrate that the state court proceedings were decided on the merits, emphasizing that a denial of class certification is not an adjudication on the merits. *See* Smith v. Bayer Corp., 131 S.Ct. 2368 (2011). Further, the record is devoid of any evidence showing that the state court decided the underlying controversy (PREPA's overbilling) on the merits, thereby failing to satisfy prong one. *See supra*, Pgs. 13-14. In fact, PREPA admits that the

overbilling allegations were not adjudicated in the state proceedings, meaning that a final judgment on the merits was not entered.

With regards to prong two, PREPA posits a myriad of reasons as to why there is perfect identity of thing or cause between both causes of action. For the sake of not being repetitive, the Court hereby fully incorporates its analysis under the "Identity Between the Causes of Action" section above and holds that PREPA fails to satisfy prong two. *See supra*, Pgs. 15-17.

Lastly, the third prong requires a perfect identity of the parties or their privies in both causes of action. PREPA avers that the proposed classes in both cases are identical and that, therefore, "all PREPA customers" were the parties in both disputes. However, the class proposed by Plaintiffs in the state court proceedings was never certified, meaning that not all PREPA customers were parties in said proceedings. Furthermore, the Magistrate Judge correctly held that "the mere proposal of a class ... [does] not bind persons who were not parties there." <u>Smith</u>, 131 S.Ct at 2382. Hence, individuals who were part of the proposed class in the state proceedings but not parties in the original suit are neither identical parties nor in privity to the named plaintiffs in said proceedings. As previously discussed, the record does not evince that the named plaintiffs in the state court proceedings are identical or in

privity to the Plaintiffs in the case at bar.  The Court shall be hard-pressed to grant summary judgment and dismiss the instant action in the absence of incontrovertible evidence that the parties in both causes of action were "identical," as required under P.R. Laws Ann. tit. 31, § 3343.

Accordingly, the Court finds that Plaintiffs' claims are not barred under the doctrine of *res judicata*, emphasizing that the record simply does not show that a final judgment on the merits was ever entered in the state court proceedings and that the parties in both causes of action were "identical."  As such, PREPA's *Motion for Summary Judgment* (Docket No. 41) is hereby **DENIED** on these grounds.

### IV. CONCLUSION

For the reasons elucidated in the instant *Opinion and Order*, the Court hereby **ADOPTS** the Magistrate Judge's *Report and Recommendation* (Docket No. 63) **IN TOTO** and **INCORPORATES IT HEREIN BY REFERENCE.** Accordingly, PREPA's *Motion for Summary Judgment* (Docket No. 41) is hereby **DENIED.**[7]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of March, 2014.

S/ DANIEL R. DOMÍNGUEZ

DANIEL R. DOMÍNGUEZ
U.S. District Judge

---

[7]  The instant *Opinion and Order* should not be construed as deciding, one way or another, the issue of class certification.